## JOHN HIGGINBOTHAM *v*. THE STATE.

1. NEW TRIAL. — A new trial will not be granted in order to enable the accused to procure the attendance of a witness whose testimony would be only cumulative of evidence adduced at the trial, or which would not be likely to change the result of the trial.

2. SURPRISE. — If a defendant is taken by surprise by the absence of a witness when called to testify, and a postponement of the trial would procure the attendance of the witness, he should apply to the discretionary power of the court for such a postponement, and not rely on the surprise as cause for a new trial.

3. BILL OF EXCEPTIONS. — If the exclusion of evidence be relied on as error, it should be set forth and reserved in a bill of exceptions. Mention of the matter in a general way in the statement of facts is not equivalent to a bill of exceptions.

4. EVIDENCE. — The materiality of excluded evidence will be considered in connection with the evidence adduced and admitted.

APPEAL from the District Court of Houston. Tried below before the Hon. R. S. WALKER.

The indictment was found at the September term, 1875, of the court below, and charged Jefferson Williams, Spencer Bradley, William Graham, and the appellant with the murder of William H. Page, in the county of Houston, on July 6, 1875. The appellant alone was on trial.

The testimony showed that, for some time prior to the homicide, hostile relations existed between Page, the deceased, and Jefferson Williams, the uncle and co-defendant of the appellant. The hostility appears to have resulted from jealousy entertained by the deceased on account of the relations between his wife and Williams.

On the morning of the homicide, Williams and appellant, armed with guns and accompanied by Bradley and Graham, met Page, the deceased, in the public road, he also having a gun. Witnesses about fifty yards distant heard words exchanged in excited tones between Page and the other party, but they could not distinguish what was said. They

saw Williams and Page both drawing down their guns about the same moment. Williams was quicker than Page, and fired one barrel of his gun, bringing Page to ground. Williams immediately turned round, and walked away a few steps. Page appeared to be struggling to get up, and got upon his knees and elbows, when Higginbotham, the appellant, fired upon him and he fell back. Williams then turned, and discharged his other barrel at Page. Every shot seems to have taken effect, as was evidenced by mortal wounds in the breast, head, and back of Page.

*Moore & Spence*, for the appellant.

*W. B. Dunham*, for the State.

WINKLER, J.   The appellant and three other persons were jointly indicted for the murder of one William H. Page, alleged to have been committed in the county of Houston on July 6, A. D. 1875.

At the November term, 1877, of the District Court of Houston County, the appellant was alone put on trial, and the jury returned the following verdict: "We, the jury, find the defendant not guilty of murder in the first degree, but find him guilty of murder in the second degree, and assess his punishment at confinement in the penitentiary, at hard labor, for the term of seventeen years." A motion for a new trial was made and overruled, and judgment was entered upon the verdict of the jury; and from the judgment this appeal is prosecuted, and the following errors are assigned:

"1. The court erred in overruling the defendant's motion for a new trial, for the reasons assigned in said motion; and,

"2. The court erred in rejecting the evidence of the witness J. G. Bobitt, going to show that the deceased, Page, was a man likely to carry his threats into execution."

By reference to the motion for a new trial, it is seen that

one of the grounds set out in the motion is as follows : " Defendant would further show unto your honor that he was surprised by the absence of Ed. Bennett, a witness for defendant, whose absence was not ascertained until he was called to testify.   For the materiality of said witness' testimony he refers to the affidavit of said Ed. Bennett, hereto attached, and marked ' Exhibit A.'   He also refers to the affidavit of H. W. Moore, hereto attached, marked ' Exhibit B,' which are made parts of this amended motion."

The motion and the two affidavits, taken in their strongest light, show no reasonable excuse for failing to discover that the alleged absent witness was not in attendance upon the trial.   It is incredible to suppose that the accused and his counsel should enter upon the trial of so important a case, involving the liberty, perhaps the life, of the party, without ascertaining to a certainty that every witness upon whose testimony his defense depended was actually present in court.   The bare statement of the fact that the absence of the witness was not discovered until he was called to testify must go far to negative the idea that the witness was regarded as of any importance whatever.   Yet the affidavits support the assertion, and it must be regarded as true, however anomalous.

The affidavits show, however, that, if the witness had been present, his testimony would have been but cumulative of other testimony of which the accused had the benefit on the trial, and would not likely have changed the result. And, when a new trial is asked, it should be shown that the desired testimony was of a character likely to change the result.   If this witness had been present, his testimony would have gone to show the hostility existing between the parties, of which there was an abundance of evidence adduced on the trial.

A new trial will not be granted in order to procure the attendance of a witness whose testimony would be only

cumulative of testimony had on the trial, or to contradict a witness who had testified; or whose testimony would not be likely to effect a different result on another trial.    *Yanez* v. *The State*, 20 Texas, 660; *Gibbs* v. *The State*, 1 Texas Ct. App. 12; *Hauck* v. *The State*, 1 Texas Ct. App. 357; *Henderson* v. *The State*, 1 Texas Ct. App. 432; *Terry* v. *The State*, *ante*, p. 236.

Besides, if the accused could have availed himself of the surprise claimed at all, he should have applied to the court for a postponement of the trial until the attendance of the absent witness could have been procured, which the court in its discretion might have granted.    This is the only question presented, in the motion for a new trial, requiring special consideration.    The other grounds in the motion relate mainly to the charge of the court and the sufficiency of the evidence to support the verdict.

With regard to the subject-matter set out in the second assignment of errors:    The only mention made of the matter is in the statement of facts, where it is shown that the " defendant offered to prove by the witness Bobbit that, from what he knew and had heard about the deceased, when he knew him in Mississippi, deceased would be likely to carry his threats into execution.    The state objected.    The court sustained objection; to which defendant excepted."    It was the duty of the defendant's counsel to have taken a bill of exceptions to the ruling of the court if he wished to have the ruling revised on appeal.    *Johnson* v. *The State*, 27 Texas, 765; *Smith* v. *The State*, 1 Texas Ct. App. 133.

But, if this had been done, it is not perceived that the testimony would have been of sufficient importance to justify the granting of a new trial.    To our minds the testimony of this witness, and that of the witness Ed. Bennett, either separately or collectively, when viewed in the light of the evidence set out in the statement of facts, would have been wholly insufficient to have changed the result of the trial;

and neither these nor any other grounds set out in the motion for a new trial or in the assignment of errors would have warranted the court in setting aside the verdict rendered.

We have given the whole case as shown by the record the careful investigation its importance demands, and are forced to the conclusion that there exists no sufficient ground to reverse the judgment. The indictment is in every respect good and sufficient. The charge of the court was a full, accurate, and able exposition of the law of the case as made by the pleadings and the evidence, and in which every legal right of the accused was guarded with scrupulous care ; and it was altogether fair, and fully as favorable to the accused as the testimony warranted. The testimony was amply sufficient to support the verdict, and there is nothing in the record which would justify the court in any other course than to affirm the judgment.

*Affirmed.*